Mathews, J.
delivered the opinion of the court. In the course of the trial of this cause, in the court below, the plaintiff, here the appellant, offered parol testimony to prove a contract between the defendant and appellee and herself, whereby the latter, who holds her in slavery, agreed to emancipate her on condition of obtaining the reimbursement of the price, which she had paid for her.
This testimony being rejected by the parish judge, a bill of exceptions was taken to his opinion, on which alone the case comes up before us.
*213 East’n. District.
March 1816.
The right of the plaintiff to maintain an action for her emancipation and freedom, on this contract, is unequivocally declared, 3 Part. 2, 8, and according to the general provisions of the Spanish law, such a contract may be supported on, and proven by, oral testimony. We are, however, of opinion that the latter laws are virtually repealed by the civil code.
Slaves are incapable of making any contract for themselves, except for their freedom—an exception to the general rule allowed in favour of liberty; and as, in this respect, they assume, in some degree, the standing and condition of free persons, the rules of law, which direct and govern the contracts of the latter, must be applicable to those of the former, where the object of the agreement is the same. Now, according to our civil code, every covenant tending to dispose by a gratuitous or incumbered title of any immoveable property must be reduced to writing, and in case the existence of such covenant should be disputed, no parol evidence shall be admitted to prove it. Code Civil, 310, art. 241. This principle we find recognised in the same authority, when it comes to treat of the transfer of title to immoveable property and slaves, by sale or exchange, id. 344, art. 2. It is therefore clear, that between free persons no *214 valid or binding contract can be made, so as to alter the title to slaves, unless it be in writing: and, if we are correct in the position above taken, that the same rules must govern in covenants to which slaves are allowed to become parties, it is equally clear that parol evidence ought not to be admitted to establish the existence of the contract, on which the plaintiff and appellant founds her action: because it tends to dispose of a slave.
Moreau for the plaintiff. Grymes for the defendant.
The judge of the parish court acted correctly in rejecting the parol evidence.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.